AMBROSE F. ROGERS *et al.*

*v.*

HERBERT JONES *et al.*

(No. 9862)

Submitted September 24, 1946. Decided October 22, 1946.

*Thomas West,* for plaintiffs in error.
*Daniel W. Ambrose,* for defendants in error.

KENNA, PRESIDENT:

This unlawful detainer proceeding was brought by Ambrose F. Rogers and Elois Bell Rogers against Mr. Herbert Jones and Mrs. Herbert Jones before a justice of the peace of Cabell County. A finding for the plaintiff was appealed to the Common Pleas Court of that county, where, by agreement, the matter was submitted to the court in lieu of a jury, the judgment being that the plaintiffs "do recover of and from the said defendants the possession of the real estate sued for," together with $100.00 damages for unlawful detention. The Circuit Court of Cabell County declined a writ of error and the matter comes here upon a writ granted pursuant to the petition of the defendant below.

The principal contention of the plaintiff in error is that the summons of the justice of the peace upon which the appeal to, and judgment of, the Common Pleas Court of Cabell County was based is void for failure to describe real estate sought to be recovered with sufficient certainty "to enable a person of common understanding to know what is intended thereby.", as required by Code, 50-11-2. The part in question of the summons reads as follows: "* * * for unlawfully withholding from the said the following described property, to-wit: That certain tenement and messuage situate Possession County, West Virginia, in which action the plaintiff will claim judgment for the possession of said described premises, and $————— for damages for unlawful detention of same, exclusive of interest and cost."

The contention of the defendants in error is that the general appearance of the defendants below in the Common Pleas Court operated to cure defective process and, furthermore, that the summons of the justice was amended after the finding of the justice of the peace and before appeal so that when the case reached the Common Pleas Court it did contain a sufficient description of the property involved. There is nothing in the record before this Court to indicate that the only summons it contains was, at any time amended to read differently in the part just quoted. Concerning the sufficiency of that part, we believe that it is unnecessary to comment in detail. Its wording determines only that real estate is the property sought to be recovered, "situate————— ————— Possession ————— County, West Virginia,". We are of the opinion that a person of common understanding could locate nothing if guided only by the summons. Since unlawful detainer partakes of the nature of a proceeding in rem, the utter absence of description of the property sought, as here, is more than a defect or an irregularity. It is a failure to bring into being, and that, of course, means that, based upon a void summons, here there was no proceeding of unlawful detainer before the justice of the peace, and since there has been no conduct on the part of the defendants below which would confer jurisdiction of the possession of real estate upon either the justice of the peace or the Common Pleas Court of Cabell County, we are of the opinion that the judgment of the Circuit Court of Cabell County must be reversed and the proceeding remanded with direction to dismiss.

We have not dealt with the fact that the summons named no damages but that the judgment of the Common Pleas Court of Cabell County awarded the plaintiffs below $100.00. There are a number of other questions assigned as error that are not here reached and consequently are not discussed. However, we do believe that by way of dicta it should perhaps be noted that at the hearing of the Area Rent Director of the Office of Price

Administration it was decided on November 23, 1945, that the plaintiffs below were entitled to institute an action for the eviction or removal of the tenant in accordance with the requirements of local law. The plaintiffs depended upon this OPA proceeding and the defendant's appearance therein as operating as a notice to quit on or before December 29, according to the timeliness of the transaction and the proceedings before the Director. However, the certificate has an appended note addressed to the tenant informing him that the certificate does not order him to move, and does not affect his right "at local law under your present rental agreement". We cannot see how the proceeding can have the effect of a notice to quit if it affects no right under local law.

Based upon the foregoing discussion, the judgment of the Circuit Court of Cabell County is reversed and the case remanded with direction to dismiss.

*Reversed.*